IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.;<br>PAUL SIMON MUSIC; UNIVERSAL –<br>SONGS OF POLYGRAM<br>INTERNATIONAL, INC.; SCREEN<br>GEMS-EMI MUSIC INC.; DON<br>KIRSCHNER ENTERTAINMENT<br>COMPANY AND CRUVEN, INC., A<br>JOINT VENTURE d/b/a KIRSCHNER<br>CBS MUSIC PUBLISHING; PARK<br>MOHR PUBLISHING COMPANY;<br>PAINTED DESERT MUSIC<br>CORPORATION,<br><br>            Plaintiffs,<br><br>      v.<br><br>840 WEST HAMILTON STREET, LLC<br>d/b/a SANGRIA; GEORGE MEIRELES<br>and KRISTIN L. GRUBE, each<br>individually,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1.   This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

<u>THE PARTIES</u>

3.    Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York.   BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.   BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.    The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.   All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.    Plaintiff Paul Simon Music is a sole proprietorship owned by Paul Simon.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.    Plaintiff Universal – Songs of Polygram International, Inc. is a corporation.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.    Plaintiff Screen Gems-EMI Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.    Plaintiff Kirschner CBS Music Publishing is a joint venture owned by Don Kirschner Entertainment Company and Craven, Inc.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

2

9.    Plaintiff Park Mohr Publishing Company is a sole proprietorship owned by Todd Park Mohr.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.   Plaintiff Painted Desert Music Corporation is a corporation.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.   Defendant 840 West Hamilton Street, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, which operates, maintains and controls an establishment known as Sangria, located at 840 West Hamilton Street, Allentown, Pennsylvania 18101-2455, in this district (the "Establishment").

12.   In connection with the operation of the Establishment, Defendant 840 West Hamilton Street, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13.   Defendant 840 West Hamilton Street, LLC has a direct financial interest in the Establishment.

14.   Defendant George Meireles is a member of Defendant 840 West Hamilton Street, LLC, with responsibility for the operation and management of that limited liability company and the Establishment.

15.   Defendant George Meireles has the right and ability to supervise the activities of Defendant 840 West Hamilton Street, LLC and a direct financial interest in that limited liability company and the Establishment.

3

16.   Defendant Kristin L. Grube is a manager of Defendant 840 West Hamilton Street, LLC, with responsibility for the operation and management of that limited liability company and the Establishment.

17.   Defendant Kristin L. Grube has the right and ability to supervise the activities of Defendant 840 West Hamilton Street, LLC and a direct financial interest in that limited liability company and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

18.   Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

19.   Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

20.   Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing

4

the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21. For each of the musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

22. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

25. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

6

_November 30_, 2012                    _Stanley H. Cohen_
                                      Stanley H. Cohen
                                      (I.D. No. 12095)
                                      Caesar, Rivise, Bernstein,
                                      Cohen & Pokotilow, Ltd.
                                      11th Floor, Seven Penn Center
                                      1635 Market Street
                                      Philadelphia, PA 19103-2212
                                      Telephone: 215-567-2010
                                      Facsimile: 215-751-1142
                                      e-mail: scohen@crbcp.com

                                      Attorneys for Plaintiffs

VERIFICATION

STATE OF TENNESSEE   )
                     ) ss.:
COUNTY OF DAVIDSON   )

Lawrence E. Stevens, being duly sworn, deposes and says:

I am an Assistant Vice President, General Licensing, for Plaintiff Broadcast Music, Inc.   I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Lawrence E. Stevens

Sworn to before me this
29th day of November 2012.

Notary Public

My Commission Expires JULY 8, 2013

8

# *Schedule*

| Line 1 | Claim No. | 1 |
|--------|-----------|---|
| Line 2 | Musical Composition | Bridge Over Troubled Water |
| Line 3 | Writer(s) | Paul Simon |
| Line 4 | Publisher Plaintiff(s) | Paul Simon, an individual d/b/a Paul Simon Music |
| Line 5 | Date(s) of Registration | 3/30/70 |
| Line 6 | Registration No(s). | Ep 274170 |
| Line 7 | Date(s) of Infringement | 03/16/2012 |
| Line 8 | Place of Infringement | Sangria |

---

| Line 1 | Claim No. | 2 |
|--------|-----------|---|
| Line 2 | Musical Composition | Brown Eyed Girl |
| Line 3 | Writer(s) | Van Morrison |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 5/2/67 |
| Line 6 | Registration No(s). | Eu 993451 |
| Line 7 | Date(s) of Infringement | 01/14/2012 |
| Line 8 | Place of Infringement | Sangria |

---

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | Cecilia |
| Line 3 | Writer(s) | Paul Simon |
| Line 4 | Publisher Plaintiff(s) | Paul Simon, an individual d/b/a Paul Simon Music |
| Line 5 | Dates(s) of Registration | 11/28/69   6/25/70 |
| Line 6 | Registration No(s). | Eu 150494   Ep 275452 |
| Line 7 | Dates(s) of Infringement | 03/16/2012 |
| Line 8 | Place of Infringement | Sangria |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | Daydream Believer |
| Line 3 | Writer(s) | John Stewart |
| Line 4 | Publisher Plaintiff(s) | Screen Gems-EMI Music Inc. |
| Line 5 | Dates(s) of Registration | 11/13/67   12/15/67 |
| Line 6 | Registration No(s). | Eu 24395   Ep 239468 |
| Line 7 | Dates(s) of Infringement | 03/16/2012 |
| Line 8 | Place of Infringement | Sangria |

| Line 1 | Claim No. | 5 |
|---|---|---|
| Line 2 | Musical Composition | Dust In The Wind |
| Line 3 | Writer(s) | Kerry Livgren |
| Line 4 | Publisher Plaintiff(s) | Don Kirschner Entertainment Company and Cruven, Inc., a joint venture d/b/a Kirschner CBS Music Publishing |
| Line 5 | Dates(s) of Registration | 10/5/77   3/7/78 |
| Line 6 | Registration No(s). | Eu 832910   PA 1-484 |
| Line 7 | Dates(s) of Infringement | 03/16/2012 |
| Line 8 | Place of Infringement | Sangria |

| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Bittersweet a/k/a Bitter Sweet |
| Line 3 | Writer(s) | Todd Park Mohr |
| Line 4 | Publisher Plaintiff(s) | Todd Park Mohr, an individual d/b/a Park Mohr Publishing Company |
| Line 5 | Dates(s) of Registration | 8/6/93 |
| Line 6 | Registration No(s). | PA 629-008 |
| Line 7 | Dates(s) of Infringement | 03/16/2012 |
| Line 8 | Place of Infringement | Sangria |

| Line 1 | Claim No. | 7 | |
| Line 2 | Musical Composition | Ring Of Fire | |
| Line 3 | Writer(s) | June Carter; Merle Kilgore | |
| Line 4 | Publisher Plaintiff(s) | Painted Desert Music Corporation | |
| Line 5 | Dates(s) of Registration | 11/23/90 | 9/17/62 |
| Line 6 | Registration No(s). | RE 498-587 | Ep 167400 |
| Line 7 | Dates(s) of Infringement | 03/16/2012 | |
| Line 8 | Place of Infringement | Sangria | |